UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE SMITH,
Plaintiff,
v. Case No.:

RICK DOLAN, in his official capacity as Director of the Florida Forest Service; and RICK "LEE" ADAMS JR., in his official capacity as Director of the Office of Agricultural Law Enforcement,
Defendants.
_______________________________________/

## COMPLAINT

Plaintiff, MICHELLE SMITH ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants and alleges as follows:

## INTRODUCTION

After Plaintiff MICHELLE SMITH made several complaints to the Florida Forest Service, the agency caused her to be formally trespassed from its offices, barring her from Florida Forest Service governmental property. The written Trespass Warning expressly identifies Plaintiff's "multiple complaints" as a basis for her exclusion. The First Amendment prohibits government officials from retaliating against a citizen for criticizing the government, petitioning public officials for redress, or persistently voicing complaints merely because officials find that speech unwelcome, critical, or inconvenient. Plaintiff therefore brings this action pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief to prohibit the enforcement of the retaliatory and unconstitutional Trespass Warning and to remedy the ongoing deprivation of her First Amendment rights.

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.
2. This Court has original federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)– (4).
3. This Court has authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.
4. Plaintiff seeks prospective declaratory and injunctive relief against Defendants in their official capacities for an ongoing violation of federal constitutional law.
5. State officials may be sued in their official capacities for prospective injunctive relief to prevent continuing violations of federal law. *Ex parte Young*, 209 U.S. 123, 159–60 (1908).
6. Although a State or state agency generally is not a "person" subject to damages liability under § 1983, a state official sued in his official capacity for prospective injunctive relief may be subjected to such relief. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 & n.10 (1989).
7. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Polk County, Florida, within this judicial district.
8. The governmental properties from which Plaintiff has been excluded include the Florida Forest Service's Lake Wales Ridge State Forest Headquarters

located at 851 County Road 630 E., Frostproof, Florida 33843, and the Florida Forest Service Lakeland District Office located at 5745 South Florida Avenue, Lakeland, Florida 33813.

## PARTIES

9. Plaintiff MICHELLE SMITH is a resident of Polk County, Florida.
10. Defendant RICK DOLAN is the Director of the Florida Forest Service and is sued solely in his official capacity for prospective declaratory and injunctive relief.
11. The Florida Forest Service is a division of the Florida Department of Agriculture and Consumer Services ("FDACS").
12. Defendant RICK "LEE" ADAMS JR. is the Director of the Office of Agricultural Law Enforcement ("OALE") and is sued solely in his official capacity for prospective declaratory and injunctive relief.
13. OALE is an office within FDACS and exercises law-enforcement authority in connection with FDACS property and operations.
14. OALE issued and/or is responsible for enforcement of the Trespass Warning challenged in this action.
15. Defendant Dolan possesses authority relating to Plaintiff's access to Florida Forest Service property and the continued maintenance or implementation of the challenged exclusion.
16. Defendant Adams possesses authority relating to the enforcement, maintenance, rescission, or implementation of the challenged Trespass Warning.

## FACTUAL ALLEGATIONS

**Plaintiff Engaged in Protected Speech and Petitioning Activity**

17. Before issuance of the Trespass Warning, Plaintiff repeatedly communicated concerns and complaints regarding matters involving FDACS, the Florida Forest Service, its personnel, and government officials.

18. Plaintiff communicated her concerns through emails, telephone calls, and direct communications with government personnel.

19. Plaintiff also raised concerns relating to Commissioner Wilton Simpson.

20. On or about May 26, 2026, Plaintiff received an email from Mike Risola stating that he had come across an email in which Plaintiff had raised concerns regarding Commissioner Simpson and requesting to discuss those concerns with Plaintiff by telephone.

21. Upon information presently available to Plaintiff, Risola was affiliated with FDACS and performed work associated with Commissioner Simpson.

22. Plaintiff's complaints concerned governmental conduct and were directed to public officials and government personnel.

23. Plaintiff therefore engaged in activity protected by the Speech and Petition Clauses of the First Amendment.

24. Plaintiff had the constitutional right to criticize government officials and employees, to make complaints concerning governmental conduct, and to petition the government for redress regardless of whether government personnel agreed with her criticism.

**The Government Responded by Banning Plaintiff From Government Property**

25. On August 24, 2026, OALE issued Plaintiff a document entitled "TRESPASS WARNING."

26. The Trespass Warning identifies Plaintiff by name and prohibits her from entering or remaining upon specified Florida Forest Service properties.

27. The properties identified are:

a. Florida Forest Service, Lake Wales Ridge State Forest – State Forest Headquarters, 851 County Road 630 E., Frostproof, Florida 33843; and

b. Florida Forest Service, Lakeland – District Office, 5745 South Florida Avenue, Lakeland, Florida 33813.

35. The Warning further extends beyond the buildings themselves and expressly encompasses their curtilage, parking lots, and outbuildings.

36. The Warning threatens Plaintiff with arrest and criminal prosecution if she returns without permission.

37. The Warning cites sections 810.08 and 810.09, Florida Statutes, and states that Plaintiff may be arrested and charged with a misdemeanor if she returns to the properties without permission.

38. The Warning therefore carries the force and coercive authority of the State and is not merely a request that Plaintiff avoid a particular employee.

**The State Expressly Identified Plaintiff's Complaints as the Reason for the Trespass Warning**

39. Most significantly, the Warning itself identifies Plaintiff's speech as a basis for the State's action.

40. The Warning states:

"You have lodged multiple complaints that are without merit with the Florida Forest Service's staff at the aforementioned locations, barraged staff with multiple phone calls and emails...."

41. Thus, Defendants did not merely issue a trespass warning after Plaintiff engaged in protected speech.
42. Defendants expressly relied upon Plaintiff's complaints, telephone calls, and emails when explaining why the government imposed the Warning.
43. The State therefore memorialized in writing the causal connection between Plaintiff's protected First Amendment activity and the adverse governmental action taken against her.
44. Government officials may disagree with a citizen's complaints.
45. They may believe those complaints are incorrect, repetitive, inconvenient, or meritless.
46. But government officials may not retaliate against a citizen for making complaints simply by labeling those complaints "without merit" and then imposing governmental punishment because the citizen persisted in making them.
47. The First Amendment exists in substantial part to protect speech critical of those who wield governmental power, including speech that government officials would prefer not to hear.

**The Trespass Warning Is Substantial, Coercive, and Ongoing**

48. The Trespass Warning does not merely advise Plaintiff concerning standards of conduct.

49. It prohibits Plaintiff from physically entering the designated government properties.

50. Plaintiff was informed that the trespass restriction would remain in effect for approximately one year.

51. The written Warning itself, however, contains no definite expiration date.

52. Instead, the Warning states that there is no waiver of the trespass warning except as expressly stated in the Department's written approval.

53. The Warning provides that the Department may grant Plaintiff written, revocable permission for limited access solely to conduct specifically approved official business.

54. Any such access is restricted to approved dates and times, an approved business purpose, and approved areas.

55. The Warning further states that activity outside those parameters may be enforced under Florida's criminal trespass statutes.

56. Plaintiff therefore remains subject to a continuing state-imposed restriction backed by the threat of arrest.

57. A reasonable citizen faced with an official law-enforcement warning threatening arrest for returning to government property would understand the warning as a serious governmental sanction.

58. Such a sanction would deter a person of ordinary firmness from continuing to complain about, criticize, confront, or petition the governmental officials responsible for imposing it.

**The State Provided No Meaningful Procedure to Challenge the Warning**

59. The Trespass Warning provides no hearing.

60. It identifies no neutral decisionmaker before whom Plaintiff may challenge its issuance.

61. It establishes no administrative appeal.

62. It provides no deadline by which an appeal may be filed.

63. It identifies no evidentiary standard governing review.

64. It provides no means by which Plaintiff may contest the truth of the accusations made against her.

65. It provides no procedure through which Plaintiff may contest the breadth, geographic scope, or duration of the exclusion.

66. The Warning instead gives the same Department responsible for imposing the restriction unilateral discretion to grant Plaintiff limited, written, revocable permission to enter for specifically approved business.

67. Permission to beg the government for discretionary exceptions is not equivalent to a meaningful opportunity to challenge the constitutionality or factual validity of the underlying governmental deprivation.

68. Plaintiff has therefore been subjected to an exclusion enforced through the criminal law without a meaningful mechanism to contest the warning or its scope.

## COUNT I
## FIRST AMENDMENT RETALIATION – 42 U.S.C. § 1983
## Against Defendant Rick Dolan, in his Official Capacity as Director of the Florida Forest Service

69. Plaintiff realleges paragraphs 1 through 68 as though fully set forth herein.

70. The First Amendment protects freedom of speech and the right "to petition the Government for a redress of grievances."

71. Plaintiff engaged in constitutionally protected speech and petitioning activity by making complaints to governmental officials and personnel, communicating concerns by email and telephone, and seeking redress concerning governmental conduct.

72. The Eleventh Circuit recognizes that "the government may not retaliate against citizens for the exercise of First Amendment rights." *Bennett v. Hendrix*, 423 F.3d 1247, 1255–56 (11th Cir. 2005).

73. To state a First Amendment retaliation claim, a plaintiff must allege protected speech, retaliatory conduct that would likely deter a person of ordinary firmness from exercising First Amendment rights, and a causal relationship between the protected activity and the retaliatory action. *Id.* at 1254.

74. Defendant Dolan, in his official capacity as Director of the Florida Forest Service, possesses authority relating to Plaintiff's access to Florida Forest Service property and the continued maintenance and implementation of the challenged exclusion.

75. Plaintiff suffered adverse governmental action when she was formally excluded from Florida Forest Service property and threatened with arrest and criminal prosecution should she return without authorization.

76. The exclusion is sufficiently serious to deter a person of ordinary firmness from continuing to criticize or petition the governmental officials responsible for imposing or maintaining it.

77. The causal connection between Plaintiff's protected activity and the exclusion is apparent from the face of the Trespass Warning itself, which expressly identifies Plaintiff's "multiple complaints," telephone calls, and emails as part of the justification for the Warning.

78. The government cannot transform constitutionally protected complaints into punishable conduct merely by characterizing those complaints as repetitive, inconvenient, unwelcome, or "without merit."

79. Defendant Dolan's continued maintenance or implementation of the exclusion from Florida Forest Service property presently burdens Plaintiff's First Amendment rights.

80. Unless restrained by this Court, the exclusion will continue to burden Plaintiff's protected speech and petitioning activity and subject her to an ongoing constitutional injury.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Rick Dolan, in his official capacity, and:

A. Declare that maintaining or enforcing Plaintiff's exclusion from Florida Forest Service property in retaliation for protected speech and petitioning activity violates the First Amendment;

B. Preliminarily and permanently enjoin Defendant Dolan, his officers, employees, agents, and persons acting in concert with him from maintaining or enforcing the exclusion to the extent it was imposed because of Plaintiff's constitutionally protected activity;

C. Require Defendant Dolan to cease prospective enforcement of the unconstitutional exclusion;

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

E. Grant such other declaratory and equitable relief as the Court deems just and proper.

**COUNT II**
**FIRST AMENDMENT RETALIATION – 42 U.S.C. § 1983**
**Against Defendant Rick "Lee" Adams Jr., in his Official Capacity as Director of the Office of Agricultural Law Enforcement**

81. Plaintiff realleges paragraphs 1 through 68 as though fully set forth herein.

82. Plaintiff's complaints, emails, telephone calls, and communications with governmental officials constituted activity protected by the Speech and Petition Clauses of the First Amendment.

83. Defendant Adams, in his official capacity as Director of OALE, possesses authority relating to the maintenance, enforcement, rescission, and implementation of the Trespass Warning challenged in this action.

84. OALE issued and/or is responsible for enforcement of the formal Trespass Warning barring Plaintiff from the designated Florida Forest Service properties.

85. The Warning subjects Plaintiff to the threat of arrest and criminal prosecution if she enters or remains upon those properties without governmental authorization.

86. The Warning itself expressly identifies Plaintiff's protected complaints, telephone calls, and emails as part of the reason for the governmental sanction.

87. The causal relationship between Plaintiff's protected activity and the challenged governmental action is therefore not merely inferred from temporal proximity; it is reflected in the government's own written explanation for the Warning.

88. The Eleventh Circuit has recognized that government officials may not use governmental authority to intimidate or burden an individual because that individual engaged in protected complaints. See *Bailey v. Wheeler*, 843 F.3d 473, 480–84 (11th Cir. 2016); *Bennett v. Hendrix*, 423 F.3d 1247, 1254–56 (11th Cir. 2005).

89. The Supreme Court has likewise recognized the substantial First Amendment concerns presented when governmental power is deployed against a citizen because of protected criticism and petitioning activity. *Lozman v. City of Riviera Beach*, 585 U.S. 87, 99–102 (2018).

90. Defendant Adams's continued enforcement or maintenance of the Warning subjects Plaintiff to an ongoing threat of arrest and burdens the continued exercise of her First Amendment rights.

91. Unless restrained by this Court, Plaintiff will remain subject to an official law-enforcement restriction imposed, at least in material part, because she exercised rights secured by the First Amendment.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Rick "Lee" Adams Jr., in his official capacity, and:

A. Declare that enforcing or maintaining the August 24, 2026 Trespass Warning in retaliation for Plaintiff's protected speech and petitioning activity violates the First Amendment;

B. Preliminarily and permanently enjoin Defendant Adams, his officers, employees, agents, and persons acting in concert with him from enforcing the Trespass Warning insofar as it was imposed because of Plaintiff's constitutionally protected activity;

C. Direct Defendant Adams to rescind or cease prospective enforcement of the unconstitutional Trespass Warning;

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

E. Grant such other declaratory and equitable relief as the Court deems just and proper.

**COUNT III**
**PROCEDURAL DUE PROCESS – FOURTEENTH AMENDMENT – 42 U.S.C. § 1983**
**Against Defendant Rick Dolan, in his Official Capacity as Director of the Florida Forest Service**

92. Plaintiff realleges paragraphs 1 through 68 as though fully set forth herein.

93. The Fourteenth Amendment prohibits a State from depriving a person of liberty or property without due process of law.

94. Due process requires notice and a meaningful opportunity to be heard when the government deprives a person of a constitutionally protected interest.

95. In *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266–69 (11th Cir. 2011), the Eleventh Circuit recognized a protected liberty interest in accessing governmental property otherwise open to the public and held that a trespass-warning system may violate procedural due process where no meaningful mechanism exists to contest the warning or its scope.

96. Plaintiff has been excluded from Florida Forest Service governmental property and associated areas under the authority of an official Trespass Warning backed by the threat of arrest.

97. Defendant Dolan possesses authority relating to Plaintiff's continued exclusion from Florida Forest Service property.

98. Plaintiff was provided no hearing before or after the exclusion was imposed.

99. Plaintiff was provided no neutral decisionmaker, administrative appeal, or other meaningful process through which to challenge the factual basis for the exclusion.

100. Plaintiff was provided no meaningful procedure to challenge the geographic scope or duration of the exclusion from Florida Forest Service property.

101. The Warning instead conditions Plaintiff's access upon discretionary, written, and revocable governmental permission for specifically approved business.

102. Because Plaintiff remains excluded from Florida Forest Service property without a meaningful mechanism to challenge that deprivation, the resulting procedural due process injury is continuing.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Rick Dolan, in his official capacity, and:

A. Declare that maintaining Plaintiff's exclusion from Florida Forest Service property without constitutionally adequate procedures violates the Due Process Clause of the Fourteenth Amendment;

B. Preliminarily and permanently enjoin Defendant Dolan from maintaining the exclusion until Plaintiff receives a constitutionally adequate opportunity to contest its factual basis, scope, and duration;

C. Require Defendant Dolan to provide constitutionally adequate procedures governing any continued exclusion of Plaintiff from Florida Forest Service governmental property;

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

E. Grant such other declaratory and equitable relief as the Court deems just and proper.

## COUNT IV

## PROCEDURAL DUE PROCESS – FOURTEENTH AMENDMENT – 42 U.S.C. § 1983

## Against Defendant Rick "Lee" Adams Jr., in his Official Capacity as Director of the Office of Agricultural Law Enforcement

103. Plaintiff realleges paragraphs 1 through 68 as though fully set forth herein.

104. Defendant Adams, in his official capacity as Director of OALE, possesses authority relating to the enforcement, maintenance, rescission, or implementation of the Trespass Warning.

105. The Trespass Warning carries the coercive force of law because it expressly threatens Plaintiff with arrest and criminal prosecution if she returns to the designated properties without authorization.

106. Despite the serious consequences of the Warning, Plaintiff was provided no hearing and no meaningful opportunity to contest its issuance.

107. Plaintiff was provided no neutral administrative decisionmaker or other avenue through which to challenge the factual allegations relied upon to justify the Warning.

108. Plaintiff was provided no meaningful procedure through which to challenge the Warning's scope, duration, or continued enforcement.

109. The Eleventh Circuit has held that procedural due process concerns arise where a governmental trespass warning deprives an individual of access to governmental property without a meaningful means of contesting the warning or its scope. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266–69 (11th Cir. 2011).

110. The ability to request discretionary, revocable permission from the governmental agency responsible for enforcing the restriction does not itself provide a neutral or meaningful process for contesting the validity of the underlying deprivation.

111. Plaintiff remains subject to arrest and potential criminal prosecution should she violate the Warning while having no identified administrative procedure through which she may challenge its validity.

112. Because the Trespass Warning remains enforceable, Plaintiff continues to suffer a deprivation without constitutionally adequate procedural protections.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant Rick "Lee" Adams Jr., in his official capacity, and:

A. Declare that continued enforcement of the August 24, 2026 Trespass Warning without constitutionally adequate procedures violates the Due Process Clause of the Fourteenth Amendment;

B. Preliminarily and permanently enjoin Defendant Adams from enforcing the Trespass Warning until Plaintiff is afforded constitutionally adequate notice and a meaningful opportunity to challenge its factual basis, scope, and duration;

C. Require Defendant Adams to provide or recognize constitutionally adequate procedures before continuing to enforce the challenged Warning against Plaintiff;

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

E. Grant such other declaratory and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MICHELLE SMITH respectfully requests that this Court enter judgment in her favor and against Defendants and:

A. Declare that Defendants violated and continue to violate Plaintiff's rights under the First and Fourteenth Amendments;

B. Declare the August 24, 2026 Trespass Warning unconstitutional as applied to Plaintiff to the extent it was imposed or maintained because of Plaintiff's constitutionally protected speech and petitioning activity;

C. Enter preliminary and permanent injunctive relief prohibiting Defendants from continuing to enforce the unconstitutional Trespass Warning;

D. Order such prospective relief as is necessary to prevent the Warning from continuing to burden Plaintiff's constitutional rights;

E. Require constitutionally adequate procedures before Defendants impose or maintain any comparable exclusion against Plaintiff;

F. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

G. Grant such other and further declaratory or equitable relief as this Court deems just and proper.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Anthony F. Sabatini*
ANTHONY F. SABATINI
Florida Bar No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.

1601 E. 1st Ave.
Mount Dora, Florida 32757
Telephone: (352) 455-2928
**Lead Counsel for Plaintiffs'**

*/s/ Gavin B. Rollins*
GAVIN B. ROLLINS, ESQ.
FL BAR No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st AVENUE
MOUNT DORA, FL 32757
T: (352)-328-4892
**Co-Counsel for Plaintiffs'**